UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR DELEON,

    Plaintiff,

v.                                                                       Case No. 05-CV-70187

CITY OF ECORSE, et al.,

    Defendants.
                                                            /

**OPINION AND ORDER DENYING PLAINTIFF'S
"MOTION FOR ATTORNEY FEES AND COSTS"**

Pending before the court is Plaintiff Victor DeLeon's March 28, 2007 "Motion for Attorney Fees and Costs," wherein Plaintiff petitions the court to award him $84,380.18 in attorney fees and $1,076.70 in costs as the prevailing party under 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(1). The motion has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**[1]

After spending a few years in the United States' Marines, Plaintiff worked odd jobs until he gained employment with the Ecorse Police Department in 1975. (Pl.'s Dep. at 7-10, Pl.'s Resp. to Defs' Mot. for S.J. Ex. A.) Plaintiff was employed by Defendant

---
[1] Much of the factual background is set forth in previous orders and is not central to the issue before the court. It is provided here for context.

1

City of Ecorse as a police officer for twenty-eight years, the last twelve of which as a Sergeant. (*Id.* at 11-14.)

On or about March 3, 2004, a confrontation arose on the job between Plaintiff and the City of Ecorse Attorney Andrew Robertson after Robertson rejected Plaintiff's paperwork as being inadequate according to the new criminal prosecution procedures. (*Id.* at 41-48.) Angered by Robertson's response, Plaintiff snatched the paperwork from Robertson and slammed it on the desk where Robertson was sitting and pushed some other papers off of the desk. (*Id.* at 48-49.) At the same time, Plaintiff used obscene language in reference to Robertson. (*Id.* at 49-50.) Plaintiff also admitted that he shoved the chair that Robertson was sitting on. (*Id.* at 48-55.) As a result of the incident, Robertson filed a departmental complaint against Plaintiff.

On March 17, 2004, a "Chief's Hearing" was held on the matter, subsequent to which the Ecorse Police Department gave Plaintiff the options of voluntary retirement or termination from his current employment. (Notice of Hearing, Pl.'s Resp. to Defs' Mot. for S.J. at Ex. G.) Plaintiff submitted his retirement letter on April 6, 2004. (Resignation Letter, Pl.'s Resp. to Defs' Mot. for S.J. at Ex. H.)

On or about May 25, 2004, and again on October 25, 2004, Plaintiff, via his attorney, requested a hearing from Mayor Larry Salisbury under the Michigan Veteran's Preference Act ("MVPA"), Mich. Comp. Laws § 35.402. (Letters, Pl.'s Resp. to Defs' Mot. for S.J. at Ex. I.) The MVPA prohibits the removal of a veteran from public employment, except for official misconduct, habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or

incompetency, except after a hearing. Mich. Comp. Laws § 35.402. Plaintiff received no response to his requests.

On December 22, 2004, Plaintiff filed suit, alleging that Defendants violated his procedural due process rights as guaranteed by the Fourteenth Amendment and deprived Plaintiff of his property interest in employment, which was created by the MVPA and his labor union's Collective Bargaining Agreement (CBA).[2] (Pl.'s Compl. at ¶ 34.) On January 11, 2006, the court granted partial summary judgment in favor of Defendants with respect to the alleged individual-capacity liability of Mayor Salisbury and the liability of the City of Ecorse. (1/11/07 Order at 20.) Defendants' motion for summary judgment was denied as to the alleged official-capacity liability of Mayor Salisbury for failure to provide procedural due process related to the demanded MVPA hearing. (*Id.*)

The parties then participated in a settlement conference presided over by Magistrate Judge Wallace Capel, Jr. Following settlement, the court issued an "Order Dismissing Claims and Retaining Jurisdiction for Attorney Fees and Costs" on March 10, 2006. (3/10/07 Order.) Pursuant to the settlement, the order required Plaintiff's claims to be submitted in their entirety to the American Arbitration Association ("AAA") for binding arbitration under the rules of the AAA. (*Id.* at 2.)

On February 27, 2007, after hearing the allegations and proofs of the parties, arbitrator Michael R. Blum awarded as follows:

---

[2]Plaintiff originally filed his complaint in the Wayne County Circuit Court. On January 18, 2005, Defendants removed the case to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441. (1/18/05 Notice of Removal.)

> Claimant's claim that he was unlawfully terminated from employment with the City of Ecorse and request for reinstatement, back pay, and other damages or remedies arising out of such termination is denied. Claimant's claim of a violation of due process based on the failure to provide him a pre-termination hearing pursuant to the Michigan Veterans Preference Act is upheld. As a remedy for such denial, Claimant's request for reimbursement of his portion of the filing fee, administrative fee and arbitrator's fee in this matter is granted. Any further request for costs or attorney fees must be submitted to the Hon. Robert H. Cleland.

(Arbitrator's Award at 1, Pl.'s Ex. 6.) Subsequent to the award, Plaintiff filed his "Motion for Attorney Fees and Costs" on March 28, 2007, seeking attorney fees in the amount of $84,380.18 and costs in the amount of $1,076.70.

## II. STANDARD

Under the general American Rule, unless Congress provides otherwise, parties to litigation are to bear their own attorneys' fees. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (citing *Aleyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975)). However, the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, permits the court, in its discretion, to award reasonable attorneys' fees to a prevailing party in an action or proceeding to enforce 42 U.S.C. § 1983.

In order to qualify for attorneys' fees under §1988, a plaintiff must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-112.

Beyond the absolute limitation that the plaintiff must obtain actual relief on the merits that materially alters the legal relationship between the parties, a "technical

4

victory may be so insignificant . . . as to be insufficient to support prevailing party status." *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792 (1989); *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1352 (6th Cir. 1992). If a plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court is justified in concluding that the plaintiff has not obtained prevailing party status. *Texas State Teachers Ass'n*, 489 U.S. at 792; *Sutton,* 958 F.2d at 1352. Where success on the merits results in the material alteration of the legal relationship of the parties "in a manner in which Congress sought to promote in the fee statute. . . . the degree of the plaintiff's overall success goes to the reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*." *Texas State Teachers Ass'n, 489* U.S. *at* 793; *Farrar*, 506 U.S. at 114.

If the court determines that the plaintiff is a prevailing party, the court's next task is to determine what measure of fee is reasonable under the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "[T]he basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *Farrar*, 506 U.S. at 112 (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978)). The "lodestar" approach is the proper method for determining the amount of reasonable attorney fees. *Hensley*, 461 U.S. at 432; *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir. 1999) (citing Hensley, 461 U.S. at 432). A court determines the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. *Hensley*, 461 U.S. at 433-434. The amount can then be adjusted based upon the

5

12 factors bearing upon reasonableness.[3]  *Id.* at 430 n.3.  However, a district court, after considering the amount and nature of damages awarded, "may award low fees or no fees without reciting the 12 factors bearing on reasonableness" or calculating a lodestar figure.  *Farrar*, 506 U.S. at 114.  "In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all," owing to the technical or *de minimus* nature of the plaintiff's success.  *Id.*

## III.  DISCUSSION

Plaintiff argues that (1) he first obtained "prevailing party" status when the court entered the March 10, 2006 order dismissing Plaintiff's claims under the terms of the settlement agreement; (2) he also obtained "prevailing party" status when the arbitrator found that Defendants violated Plaintiff's right to procedural due process and awarded reimbursement of Plaintiff's portion of the filing fee, administrative fee and arbitrator's fee; (3) an award of an attorney's fee is appropriate to compensate Plaintiff's attorney for enforcement, monitoring and defense of this court's order requiring Plaintiff to arbitrate his claims; (4) an award of an attorney's fee is appropriate to compensate Plaintiff's attorney for work prior to settlement; and (5) an award of an attorney's fees should be calculated according to the lodestar method.  (Pl.'s Br. at 6-20.)

---

[3]Once the lodestar is calculated, the fee may be adjusted in consideration of the following twelve factors:  (1) time and labor, (2) difficulty of the case, (3) skill necessary, (4) the extent the attorney is precluded from working on other matters, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations, (8) the amount involved and results obtained, (9) the attorneys' experience, reputation, and ability, (10) the undesirability of the case, (11) the nature and length of the attorney-client relationship, and (12) awards in similar cases.  *Hensley,* 461 U.S. at 430 n.3.

### A. Attorney's Fees

### 1. March 10, 2006 Order

Plaintiff argues that he first obtained prevailing party status when the court entered the March 10, 2006 order dismissing Plaintiff's claims under the terms of the settlement agreement.

The Supreme Court has recognized that, in addition to judgments on the merits, "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc., et al. v. West Virginia Dep't of Health and Human Res., et al.*, 532 U.S. 598, 604 (2001). In such cases, the court-ordered consent decree must have the requisite judicial imprimatur to effect a material alteration of the legal relationship of the parties. *Id.* at 604-605. Where a settlement agreement is incorporated by reference into an order of dismissal, the court order serves as the functional equivalent of a consent decree. *James T. and Lou Ann T. v. Troy School Dist. and the Bd. of Educ. of the Troy School Dist.*, 407 F. Supp. 2d 827, 831 (E.D. Mich. 2005). However, incorporation by reference is not alone sufficient to establish a plaintiff as a prevailing party; plaintiff must also show a corresponding alteration in the legal relationship of the parties. *Buckhannon*, 532 U.S. at 605.

Here, the settlement terms incorporated into the court's order granted no substantive relief, but rather, merely submitted Plaintiff's claims to arbitration. The court is not convinced that such terms constitute relief on the merits of Plaintiff's claims which

7

materially alters the legal relationship of the parties. Nor does the fact that this court retained jurisdiction for the limited purpose of determining a motion for attorney fees and costs establish Plaintiff as a prevailing party. The mere existence of a court order is not sufficient to establish Plaintiff as a prevailing party. Because Plaintiff has not demonstrated how the court's order constituted relief on the merits of his claim and triggered a meaningful alteration in the legal relationship of the parties, his claim fails.

### 2. Arbitrator's Award

Plaintiff also argues that he obtained prevailing party status when the arbitrator found that Defendants violated his right to procedural due process. (Pl.'s Br. at 10-11.)

Count I of Plaintiff's complaint alleges as follows:

40. The defendants' failure to hold a "full trial-like" hearing at some point, either pre-termination or post-termination violated DeLeon's Fourteenth Amendment right to Due Process.

41. The defendants' failure to make findings regarding the substantive predicates necessary for discharge, as defined by the law of the State of Michigan under the Veterans Preference Act, violated DeLeon's Fourteenth Amendment right to Due Process.

(Compl. at 8-9.) As a result of the alleged violations, Plaintiff originally sought:

A. reinstatement and all equitable remedies, including but not limited to, the equitable remedies stated in previous paragraphs of his complaint;
B. compensatory damages;
C. punitive damages;
D. attorney fees pursuant to 42 U.S.C. § 1988; and
E. costs and interest.

(*Id.* at 10.) The arbitrator, upon finding that Plaintiff was not unlawfully terminated, denied reinstatement, back pay, and other damages or remedies arising out of Plaintiff's termination. (Arbitrator's Award at 1, Pl.'s Ex. 6.) However, the arbitrator did find that

Plaintiff should have received a timely pre-termination hearing pursuant to the MVPA. (*Id.* at 5.) Failure to provide such a hearing was a violation of Plaintiff's due process rights and, therefore, a violation of 42 U.S.C. § 1983. As a remedy for denying Plaintiff a timely hearing, Plaintiff was awarded reimbursement of his portion of the filing fee, administrative fee and arbitrator's fee.[4] (*Id.* at 1.)

As stated above, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12. "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 112-13. "Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Id.* at 114 (stating that the prevailing party inquiry does not turn on the magnitude of the relief obtained).

Although Plaintiff's unlawful termination claim was denied, he did succeed in proving that his due process rights were violated. Although the relief Plaintiff obtained, in light of the relief he sought, is not substantial, Plaintiff did achieve some degree of success. The fact that Defendants were required to pay all of the arbitration costs as a result of the due process denial, a portion of which costs was originally Plaintiff's obligation, modified Defendants' behavior in a way that directly benefits Plaintiff. To the

---

[4]The fees attendant to arbitration totaled $15,466.00. (Pl.'s Mot. at 2.) Prior to the arbitrator's ruling, Plaintiff was responsible for $9,008.00 of the fee. (*Id.*) Pursuant to the arbitrator's fee-shifting, Plaintiff is responsible for none of the fees and Defendants must pay all fees. (*Id.*)

9

extent that the fee shifting combined with a declaration that Plaintiff's due process rights were violated materially altered the legal relationship between the parties in the manner in which Congress sought to promote in the fee statute, Plaintiff may be considered a prevailing party.[5]  *Id.* at 113-114.

Even if Plaintiff is a prevailing party, the vital question implicated herein is whether Plaintiff's success can be characterized as technical or *de minimis*, thus justifying an award of low or no fees.  The most critical factor in determining the reasonableness of a fee award is the degree of overall success obtained.  *Id.* at 436.  Where a plaintiff has formally prevailed, yet his victory is technical or *de minimis,* a court is justified in awarding low fees or no fees.  *Farrar,* 506 U.S. at 114.

The main thrust of Plaintiff's complaint is that he was improperly terminated because his conduct in relation to the altercation with Roberts did not rise to the level of misconduct necessary to warrant a termination, and Plaintiff is entitled to back pay, a reinstatement of his position, and other equitable, punitive and compensatory damages arising from unlawful termination.  To the contrary, the arbitrator made the following findings: Plaintiff became angry after Robertson would not sign the paperwork; Plaintiff snatched the paperwork out of Robertson's hand and slammed the paperwork on the desk; Plaintiff used profanity toward Robertson, calling him a "motherfucker" and/or a "son of a bitch"; Plaintiff became angrier and intentionally shoved the chair in which Robertson, who had a cast on his broken ankle, was sitting; Plaintiff continued to yell at Robertson, "got in [Robertson's] face" and told Robertson that he would [push

---

[5]To the extent that the arbitrator's award is insufficient to bestow prevailing party status upon Plaintiff, Plaintiff fails to establish his eligibility for an award of attorneys' fees.

10

Robertson] again if he wanted to. (Arbitrator's Award at 3, Pl.'s Ex. 6.) The arbitrator further concluded that Plaintiff "intentionally used physical violence during his official interaction with the City Attorney" and that "such violent conduct while on duty constitutes official misconduct and serious neglect in the performance of his duty," thus defeating Plaintiff's unlawful termination claim. (*Id.* at 5.)

The right to a pre-termination hearing as provided by the MVPA serves the undoubtedly important role of safeguarding employees from at will terminations. A plaintiff benefits from a pre-termination hearing insofar as he is left in a better position having had the hearing than not having had the hearing. In the instant case, however, owing to Plaintiff's "official misconduct," a pre-termination hearing would not have provided Plaintiff with any benefit. When the arbitrator found that Plaintiff committed "official misconduct," he necessarily found that Plaintiff's termination would not have been barred by the MVPA. Hence, a pre-termination hearing, while generally a sensible and valuable tool, would have been of no service to this particular plaintiff. Additionally, it is worth noting that Plaintiff was protected from at will termination by the CBA. In fact, it was the CBA-based property interest in employment that was the meat of Plaintiff's claims, not the rather ethereal MVPA violation upon which he now bases his claim for attorneys' fees.

Plaintiff's success was only in the context of establishing procedural rights. The procedural issue, though not insignificant, was not the substance of his case. Plaintiff's success on the procedural issue cannot be equated with Defendants' success on the substantive issues. Although Plaintiff's due process rights were violated by Defendants'

11

failure to provide him with a timely hearing, the court is persuaded that Plaintiff is unable to establish that he suffered an actual injury. *Carey,* 435 U.S. at 263 ("Where the deprivation of a protected interest is substantively justified but procedures are deficient in some respect, there may well be those who suffer no distress over the procedural irregularities."). Because Defendants had just cause to terminate Plaintiff even had he been provided a pre-termination hearing, no compensable injury was caused by his termination prior to a hearing.

Considering the arbitrator's award in light of the relief Plaintiff sought, this court is not persuaded that Plaintiff received meaningful, substantial relief. Plaintiff was unable to prove any actual, compensable injury resulting from the deprivation of his constitutional rights and the award he did receive is analagous to a nominal damages award. The award in essence left Plaintiff in only a marginally more favorable position after arbitration. Just as the awarding of nominal damages in a civil rights suit for damages highlights a plaintiff's failure to prove actual, compensable injury, the award in this case reinforces the technical nature of Plaintiff's success. *Farrar*, 506 U.S. at 115. Even if Plaintiff is a prevailing party, the court is persuaded that a reasonable fee in the instant case would be no fee at all. *Id.* (stating that when a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is generally no fee at all). Accordingly, the court need not address Plaintiff's remaining arguments pertaining to the legal services to be compensated and the proper lodestar calculation.

## C. Costs

Plaintiff also requests reimbursement for the cost of the filing fee, deposition costs, and the cost of the oral argument transcript. (Pl.'s Mot. at 5.) Rule 54 of the Federal Rules of Civil Procedure allows for the award of costs other than attorneys' fees as a matter of course to the prevailing party. Rule 54(d)(1). Pursuant to the above analysis, to the extent that Plaintiff may be considered a prevailing party, his victory is of such a technical and/or *de minimis* nature that an award of costs is unwarranted. *See Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824 (6th Cir. 2005) (stating that a court has the discretion to deny costs where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant).

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Motion for Attorney Fees and Costs" [Dkt # 39] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-70187.DELEON.noAttyFees.PrevailingParty.wpd